**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER JOHN KAISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-838 HEA |
| | ) | |
| CITY OF ST. LOUIS, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff Christopher John Kaiser's complaint. Plaintiff, an inmate at Eastern Reception Diagnostic Correctional Center (ERDCC) brings this action pursuant to 42 U.S.C. § 1983 asserting claims relating to his conditions of confinement while he was incarcerated at St. Louis City Justice Center. After reviewing plaintiff's allegations, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has filed a motion to proceed *in forma pauperis*, but he has failed to file a certified account statement in support of his motion. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Christopher John Kaiser, a state inmate at ERDCC, filed the instant action on the Court's Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff's allegations concern his pretrial detention at the St. Louis City Justice Center. Plaintiff names the following entities and individuals as defendants in this action: the City of St. Louis; the St. Louis City Justice Center; Roberta Gordon (Caseworker); Unknown Hamilton (Correctional Officer); Unknown Miller (Correctional Officer); Lieutenant Unknown Pierson (Correctional Officer); Captain Unknown Williams (Correctional Officer); and John and Jane Doe Correctional Officers. Plaintiff sues the individual defendants in their official capacities only.

Plaintiff alleges that in the second week of November 2021, he was being held in St. Louis City Justice Center in Pod 4B, Cell 28. He asserts that around that time, a new inmate, N.P. was moved into the cell directly across from him.

Plaintiff alleges that from mid-November through the time he was transferred to ERDCC in early March of 2022, he complained to defendants that N.P. would stand on his toilet, naked, at night and masturbate while staring at him. Plaintiff claims that this occurred at least "40 times" during the approximate four-month period, and at some points, N.P. would say to plaintiff, while masturbating, that he wanted to suck plaintiff's toes and/or penis.[1]

Plaintiff claims he filed several IRRs regarding the situation, and that he also talked to several of the defendants in person about having N.P. moved to a cell where no one could see his behavior. He asserts that he was told to visit "mental health," regarding plaintiff's behavior, and he was also told that "they" planned to move N.P. at a time in the future.[2] However, N.P. **was not moved from the cell across from plaintiff** during the approximate four-month time period that the aforementioned events occurred.

Plaintiff indicates that during the time period N.P.'s harassing behavior was occurring, N.P. was provided recreation on his own, away from other inmates. For a two-week time period, N.P. apparently stopped his harassing behavior, and he was allowed to attend recreation with the other inmates in his Pod. However, once his harassing behavior began again, N.P.'s recreation time was once more restricted. Plaintiff acknowledges that N.P.'s harassing behavior wasn't only directed at him, but it was also directed at other inmates as well as at the correctional officers at the St. Louis City Justice Center.

Plaintiff asserts that he suffered emotional distress from being subjected to N.P.'s harassment in the cell across from him for approximately four months (and 40 times). He seeks monetary damages in this action.

---

[1]Plaintiff admits that he was in the **cell across from N.P.** and that N.P.'s actions occurred mostly at night.

[2]Plaintiff additionally claims that some of his IRRs were ignored.

### Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is subject to dismissal.

Plaintiff explicitly indicates he is suing defendants in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

A Jail, however, is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, plaintiff's complaint is legally frivolous and/or fails to state a claim against St. Louis City Justice Center, as well as the

remaining defendants in their official capacities who all appear to be employees of St. Louis City Justice Center.

Even if St. Louis City is substituted as defendants' employer, plaintiff still fails to state a claim. Unlike the Jail, a local governing body such as St. Louis City can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff provides no allegations that St. Louis City has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom in the complaint, and there are no allegations regarding a pattern of similar constitutional violations. St. Louis City is not mentioned in the statement of the claim. Therefore, plaintiff's official capacity claims against all defendants are subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

Plaintiff explicitly indicates that he is suing St. Louis City in this action, however, plaintiff's allegations involve individual actions made by defendants rather than policies or practices of St. Louis City.[3]

Most importantly, even if the Court were to assume plaintiff had brought claims against defendants in their individual capacities, his claims would still be subject to dismissal. Plaintiff has not shown that the actions of any of the defendants have caused him physical injury. *See Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) ("Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation"); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (stating that in a § 1983 claim, a plaintiff "must allege a personal loss"). Moreover, tt is well settled that verbal abuse does not amount to a § 1983 claim. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (holding that verbal harassment, threats, and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992).

Plaintiff does not allege that any physical contact between he and N.P. occurred or that any physical injury was caused during the four-month time period he was celled across from N.P. In other words, he fails to assert a serious deprivation of his constitutional rights.

---

[3]To prevail on a claim against a local governing body, such as St. Louis City, a plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Here, plaintiff provides no allegations that St. Louis City has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights.

Furthermore, although plaintiff asserts that defendants failed to follow the Prison Rape Elimination Act (PREA) when he reported the harassment of N.P., this conduct does not rise to a constitutional violation.

PREA "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but nothing in PREA indicates it devised a private right of action to be enforced under § 1983. *Thompson v. Chief Exec. of Utah*, Case No. 2:20-CV-459 RJS, 2021 WL 2322479, at *1 (D. Utah June 7, 2021) (quoting *Porter v. Jennings*, Case No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434989 (E.D. Cal. Apr. 25, 2012)); *J.K.J. v. Polk Cty.*, No. 15-cv-428-WMC, 2017 WL 28093, at *12 (W.D. Wis. Jan. 3, 2017) ("there is no private right of action under the PREA"). In other words, PREA does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements. *See Johnson v. Garrison*, 859 F. App'x 863 (10th Cir. 2021); *Williams v. Wetzel*, 827 F. App'x 158, 162 (3d Cir. 2020); *Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir. 2015).

Moreover, "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities *secured by the Constitution* and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (emphasis added). "[T]o seek redress through § 1983 . . . a plaintiff must assert the violation of a federal right, not merely a violation of federal law." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). Although "it is true that prison officials have a duty under the Constitution to protect prisoners from assault . . . the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened." *Summers v. Waggoner*, Case No. 3:19-CV-01338-SMY, 2020 WL 6321488, at *3 (S.D. Ill. Oct. 28, 2020) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994) and *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v.*

*David*, 297 F.3d 646, 650 (7th Cir. 2002)). PREA is not right secured by the Constitution. Accordingly, plaintiff cannot hold defendants liable for a PREA violation.

Last, plaintiff claims that at least one (possibly more) of his IRRs were not responded to at the St. Louis City Justice Center and that he did not receive timely responses to the IRRs he filed. Plaintiff's allegations fail to state a cognizable claim for relief. There is no federal constitutional right to a prison grievance procedure, and neither state law nor state policy creates one. Therefore, if a state elects to provide a grievance mechanism, violations thereof will not give rise to a § 1983 claim. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (a prison official's failure to process or investigate grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate). Additionally, it is well established that there is no federal constitutional liberty interest in having correctional officers follow prison regulations. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir. 1996)). As such, plaintiff's allegations regarding his IRRs are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of August, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE